### Sutton, et al. v. Sovereign Camp Woodmen of World.

(Decided March 9, 1923.)

Appeal from Henderson Circuit Court.

Appeal and Error—Rejoinder Treated as Filed, When Point That it was Not Filed was Not Raised Below.—Though rejoinder to reply was not formally filed, where motion for leave to file it was sustained and copy was delivered to counsel for the opposite party and a surrejoinder in response thereto was filed and the case was tried on the merits without the point that it had not been filed being raised by motion for judgment on the pleadings or for a new trial or otherwise, the Court of Appeals will treat it as filed, as it was treated in the lower court.

JOHN C. WORSHAM and N. B. HUNT for appellants.

VANCE & HEILBRONNER and E. L. CRAIG for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

On a partial record brought to this court appellants are seeking to reverse a judgment denying a recovery on an insurance policy. They contend that the judgment is not supported by the pleadings, in that the record does not show that the averments of a reply, avoiding certain

affirmative defenses, were controverted. It is true that no rejoinder to the pleas was formally filed. But there is filed with the record what purports to be a rejoinder, which the clerk of the Henderson circuit court certifies was found by him in the record of the case in his office. With it is filed the affidavit of counsel for appellee showing that he tendered and moved to file this rejoinder in open court, that a copy of it was delivered to counsel for appellants, that the motion to file it was sustained, and that on the trial of the case it was treated as filed. The record shows the filing of a surrejoinder by appellants, responding to the allegations of the paper treated in the lower court as a rejoinder. The beginning of the surrejoinder reads: "The plaintiffs, for their surrejoinder to defendant's rejoinder, deny," etc.

In the circuit court appellants recognized the existence of a rejoinder and responded to the allegations of the paper lodged in that court and denominated rejoinder. Proof was taken and the law and facts were submitted to the trial judge. The case was heard on its merits. Appellants made no motion for a judgment on the pleadings, nor for a new trial. The trial court's attention was not called to the point now raised, but it, as well as the litigants, treated the case as if the issues were fully made. In that state of the record, this court will treat the rejoinder filed with the certificate of the clerk as the lower court treated it, and as appellants treated it in that court.

The judgment is affirmed.